ALFRED R. SMITH

*v.*

LAURA SMITH.

[Decided February 16th, 1907.]

1. Evidence in a suit for divorce considered, and *held* not to sustain the master's finding of willful, continued and obstinate desertion.

2. A wife was shown to have frequently left her husband, but to have always returned to him upon his request. Her leaving him, which was claimed to be desertion, was proved, but he made no request for her return thereafter. A letter, claimed to have been received by him from her, might have excused him for not seeking her return, but the receipt of the letter was only proved by his uncorroborated evidence.—*Held,* that a report that her desertion was willful and obstinate was not supported by evidence.

On application by petitioner for an order to take additional testimony.

*Mr. Royal P. Tuller,* for the petitioner.

MAGIE, CHANCELLOR.

The evidence before the master shows that for more than two years before the filing of this petition the parties were separated, and that the separation commenced by the defendant leaving the matrimonial domicile. The master has reported that willful, continued and obstinate desertion has been made out.

Whether the report in favor of a divorce is supported depends upon whether the desertion by the wife was, under the circumstances, willful. The evidence shows that she had frequently before left the petitioner, and remained away from him for times of various lengths. It also shows that on every former occasion she yielded to his requests and persuasions and returned to him.

I find nothing in the case to indicate that petitioner should not have again approached the defendant with similar requests and persuasions, unless it be a letter which he declares he found under his plate on the breakfast table on the morning defendant left him. If that letter were really received by him from the defendant in the manner described, I think it fairly indicates such an intent on the part of defendant as would excuse petitioner from again persuading her to return. But the genuineness of the letter, and the description of the manner in which petitioner received it, are proved only by the evidence of petitioner, of which I am unable to find the least corroboration. The letter, therefore, cannot affect the conclusion to be reached upon this evidence.

Leaving the letter aside, I think the petitioner should have again sought to persuade his wife to return to him. If he had done so in a proper manner, and she had refused, her desertion at the time named would have been shown to be willful. As the proofs thus fail, I think the master's report cannot be confirmed.

In anticipation of this conclusion, counsel have applied for an order opening the case and permitting the master to take additional testimony. In accordance with views previously expressed in other cases, I am unwilling to open a divorce case to permit the additional evidence necessary to obtain a decree to be proved by means which the party and his counsel had in their possession and under their control and failed to make use of. The necessity of corroborating the evidence of the petitioner respecting the letter was, or ought to have been, in the mind of counsel who took this testimony, who was not the counsel now applying for decree.

The application must be denied and the petition dismissed.